**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>Curtis Anthony Simmons,<br><br>Debtor(s). | C/A No. 22-00680-EG<br><br>Chapter 13<br><br>**ORDER ON OBJECTION**<br>**TO NATIONSTAR'S CLAIM** |

**THIS MATTER** is before the Court on the Amended Objection to Claim of Nationstar Mortgage ("Objection") filed by Curtis Anthony Simmons (the "Debtor") on July 14, 2022.[1] Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") filed a Response to the Objection,[2] and a hearing was held on August 17, 2022. This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B), and this Court may enter a final order.

**FINDINGS OF FACT**

1. The Debtor commenced this Chapter 13 bankruptcy case on March 15, 2022, by filing a voluntary petition with this Court.[3] The week before this case was filed, the Debtor received a discharge in a prior Chapter 13 bankruptcy case, C/A No. 16-01626-JW, which was filed on April 1, 2016.

2. The Debtor filed his schedules and statements with the petition on March 15, 2022. The Debtor's petition and Schedule A/B indicate that he resides at 106 Mayfield Drive, Goose

---

[1] ECF No. 31. The Objection asserts that Form 410A of Nationstar's claim did not reflect $9,262.30 of payments remitted. The Objection amends a prior objection filed on June 9, 2022, which only referred to disbursements made by the Chapter 13 Trustee in the Debtor's previous bankruptcy case for the years 2019 through 2021 not being accounted for in Form 410A.
[2] ECF No. 30, filed July 11, 2022.
[3] ECF No. 1.

Creek, SC 29445 (the "Property"). On Schedule D, the Debtor listed "Mr. Cooper" as a creditor having a claim secured by the Property.

3. On the petition date, the Debtor also filed his Chapter 13 plan, wherein he proposes to cure all pre-petition arrearages and continue making installment payments to Nationstar via conduit mortgage payments through the Chapter 13 Trustee. The plan indicates that the amount of pre-petition arrearage owed to Nationstar is estimated by the Debtor to be $17,500.62. The plan was subsequently amended on April 19, April 26, and July 19 of 2022.[4] The amended plans all provided the same treatment to Nationstar as the original plan, and the amount of pre-petition arrearage owed to Nationstar remained estimated at $17,500.62. The only change was in the amount of monthly payments on the pre-petition arrearage which was reduced to $308.00 in the last plan filed.

4. Also on March 15, 2022, the Court issued a Notice of Chapter 13 Bankruptcy Case,[5] setting the deadline for filing proofs of claim in this case for May 24, 2022.

5. On May 24, 2022, Nationstar filed its proof of claim,[6] asserting a claim in the amount of $164,092.62, secured by the Property. The proof of claim included the Mortgage Proof of Claim Attachment (Official Form 410A), which listed the amount necessary to cure any default as of the date of the petition as $20,173.27,[7] and attached a payment history from the first day of default. Nationstar also attached an Annual Escrow Account Disclosure Statement, copies of the

---

[4] ECF Nos. 16, 18, and 42.
[5] ECF No. 2.
[6] Claim No. 14-1.
[7] Part 3 of the Mortgage Proof of Claim Attachment (Form 410A) reflects the total prepetition arrearage of $20,173.27 is comprised of: (a) principal and interest past due of $17,281.11, (b) prepetition fees due of $181.00, (c) escrow deficiency for funds advanced of $3,193.17, and (d) projected escrow shortage of $1,415.02; minus the funds on hand in the amount of $1,897.03.

2

Note and Mortgage, and two Assignments of the Mortgage, including an Assignment to Nationstar.[8]

6. On June 9, 2022, the Debtor filed the Objection to Claim, which asserts that Nationstar failed to comply with Fed. R. Bankr. P. 3001(c)(2)(C) because the Form 410A was not accurately completed in that it failed to account for payments made to Nationstar by the Chapter 13 Trustee in the Debtor's prior bankruptcy case, totaling $5,186.03, during the Debtor's prior bankruptcy case.

7. Nationstar filed a Response to Objection to Claim on July 11, 2022.[9] In the Response, Nationstar asserts that Form 410A has been updated to reflect all missing Trustee disbursements and requests that the Court overrule the Debtor's objection and allow it to amend its proof of claim to include the corrected payment history. The amended payment history attached to the response reflects the following changes: (a) principal and interest past due of $16,458.20, (b) prepetition fees due of $1,006.94, (c) escrow deficiency for funds advanced of $3,007.27, and (d) funds on hand of $888.22. While no projected escrow shortage amount is included in the figures attached to the response, applying the same equation to calculate the total prepetition arrearage as was used in the filed proof of claim, it appears that the attachment to the response indicates that the arrearage owed is at least $19,584.19.

8. The Debtor filed an Amended Objection to Claim on July 14, 2022,[10] which reflected the following disbursements made from the Chapter 13 Trustee to Nationstar during the Debtor's prior 2016 bankruptcy case:

---

[8] The Note is dated July 15, 2013, and was entered between the Debtor and Plaza Home Mortgage, Inc. The first Assignment of Mortgage is dated November 4, 2014 and reflects an assignment of the mortgage from Plaza Home Mortgage, Inc. to Suburban Mortgage Company. The mortgage was subsequently assigned from Suburban to Nationstar Mortgage on or about July 20, 2020.
[9] ECF No. 30.
[10] ECF No. 31.

3

      a. June 3, 2019 in the amount of $225.36
      b. October 1, 2019 in the amount of $268.05
      c. February 3, 2020 in the amount of $288.08
      d. May 1, 2020 in the amount of $271.11
      e. August 3, 2020 in the amount of $312.37
      f. October 1, 2020 in the amount of $330.20
      g. November 2, 2020 in the amount of $473.96
      h. December 1, 2020 in the amount of $540.00.
      i. January 4, 2021 in the amount of $540.00
      j. February 1, 2021 in the amount of $540.00[11]
      k. May 3, 2021 in the amount of $1,125.35

Collectively, these payments will be referred to herein as the "2019-2021 Payments."[12]

    9. In addition to the payments previously reflected on the original Objection to Claim, the Debtor added the following payments made by the Chapter 13 Trustee to Nationstar's predecessor in interest, Suburban Mortgage, during the Debtor's prior bankruptcy case, totaling $4,347.82, which Debtor contends were also not reflected on Form 410A:

      a. October 3, 2016 in the amount of $275.33
      b. November 1, 2016 in the amount of $205.03
      c. December 1, 2016 in the amount of $116.03
      d. January 3, 2017 in the amount of $66.45
      e. April 3, 2017 in the amount of $360.28
      f. May 1, 2017 in the amount of $178.02
      g. June 1, 2017 in the amount of $179.16
      h. July 3, 2017 in the amount of $175.61
      i. August 1, 2017 in the amount of $177.45
      j. September 1, 2017 in the amount of $174.17
      k. October 2, 2017 in the amount of $182.80
      l. November 1, 2017 in the amount of $185.86
      m. December 1, 2017 in the amount of $190.60
      n. January 2, 2018 in the amount of $194.48
      o. February 1, 2018 in the amount of $200.29
      p. March 1, 2018 in the amount of $199.53
      q. April 2, 2018 in the amount of $201.77

---

[11] The objection lists this payment as bearing the date of February 1, 2020, but given the chronological order in which the disbursements are listed, the fact that a payment on February 3, 2020 was already listed, and that the Trustee's Payment History to Nationstar for the Debtor's prior case includes a payment of $540.00 to Nationstar on February 1, 2021, the Court assumes that it was a typographical error and the date should actually be February 1, 2021.

[12] The total of the 2019-2021 Payments reflected in the Amended Objection is $4,914.48, as compared to the $5,186.03 previously asserted as not being credited in the original Objection to Claim. The difference consists of a payment made on March 2, 2020, in the amount of $271.55, which was previously included but subsequently deleted from the list.

        r.        May 1, 2018 in the amount of $204.49
        s.        June 1, 2018 in the amount of $119.50
        t.        October 1, 2018 in the amount of $358.39
        u.        November 1, 2018 in the amount of $199.02
        v.        December 3, 2018 in the amount of $203.56

Collectively, this second group of payments will be referred to herein as the "2016-2018 Payments." The 2016-2018 Payments combined with the 2019-2021 Payments total $9,262.30.

10. The Debtor asserts that both the 2019-2021 Payments and the 2016-2018 Payments should be applied to the outstanding arrearage amount; therefore, the correct arrearage amount should be $10,910.97.

11. On August 17, 2022,[13] the Court conducted a hearing on the Objection to Claim. The Debtor testified regarding the payments he made to the Trustee in his prior bankruptcy case and stated that he has incurred $2,940.00 in attorney's fees as a result of the filing and prosecution of the Objection to Claim. The Debtor presented the following documents, which were admitted into evidence at the hearing: (1) the Trustee's Final Report and Account for the Debtor's prior bankruptcy case; (2) the Trustee's Payment History to Nationstar in the Debtor's prior bankruptcy case; (3) the Form 410A attached to Nationstar's proof of claim filed in this case; (4) the Debtor's calculation of the prepetition arrearage amount owed concluding that the recalculated prepetition arrearage in this case totals $10,910.97; and (5) an invoice for attorney's fees for the Debtor's bankruptcy counsel related to filing and prosecuting the Objection to Claim, in the amount of $2,940.00.

---

[13] The original hearing on the Objection to Claim was scheduled for July 20, 2022, but was continued as a result of the amendment to the Objection to Claim to August 17, 2022. ECF No. 32. Nationstar filed a second request for continuance, with the Debtor's consent, requesting that the hearing be continued to September 7, 2022, because Nationstar made counsel aware on August 11, 2022, that it would provide a witness to testify and additional time was needed to prepare for the hearing. The Court denied the second request.

12. At the hearing, Nationstar sought to have two exhibits introduced – a copy of its proof of claim and the Trustee's Payment History to Nationstar in the Debtor's prior bankruptcy case – both of which were also introduced in part or in their entirety by the Debtor. Nationstar also presented the testimony of one of its employees, Edward Hyne, who testified regarding the proof of claim filed by Nationstar and the Debtor's payment history. Mr. Hyne explained how the payment history attached to the proof of claim reflected the application of the 2019-2021 Payments and conceded that the payment history did not accurately reflect the application of the 2016-2018 Payments.

13. The Debtor's plan has not yet been confirmed, but the deadline to object to confirmation has passed without any parties, including Nationstar, filing an objection. The confirmation hearing was originally scheduled for July 20, 2022, but was continued twice to allow this issue to be decided and is now scheduled for September 21, 2022.

## CONCLUSIONS OF LAW

In the Objection, the Debtor requests that the Court (1) determine the amount of Nationstar's claim pursuant to 11 U.S.C. § 502(b); (2) preclude Nationstar from presenting the omitted information as evidence, unless it is determined its failure in properly accounting for prior payments was substantially justified or is harmless pursuant to Fed. R. Bankr. P. 3001(c)(2)(D)(i); and (3) award other appropriate relief, including reasonable expenses and attorney fees caused by Nationstar's proof of claim, pursuant to Fed. R. Bankr. P. 3001(c)(2)(D)(ii). The Debtor does not challenge the validity of Nationstar's secured claim or seek disallowance of Nationstar's claim in its entirety. Rather, the Debtor seeks an accurate determination of the arrearage portion of Nationstar's claim. The Debtor asserts that the arrearage portion of the claim should be reduced

from $20,173.27 to $10,910.97, because Nationstar failed to properly account for the 2016-2018 Payments and the 2019-2021 Payments.

> **I.    *Section 502 and Compliance with Fed. R. Bankr. P. 3001***

Under 11 U.S.C. § 502(a), a creditor's properly filed proof of claim is deemed allowed, unless a party in interest objects. *See* 11 U.S.C. § 502(a). If an objection to the claim is made, the Court, after notice and a hearing, shall determine the amount of the claim as of the date of the filing of the petition, unless the claim is disallowed under one of the exceptions listed in 11 U.S.C. § 502(b)(1)-(9). Since the Debtor has objected to Nationstar's claim, Nationstar's claim is no longer deemed allowed, and the Court must determine the amount and validity of the claim.

Fed. R. Bankr. P. 3001 sets forth the requirements for a valid proof of claim. A creditor's proof of claim is its written statement of the amount due and nature of its claim. *See* Fed. R. Bankr. P. 3001(a); *In re Harford Sands Inc.*, 372 F.3d 637, 640 (4th Cir. 2004). The proof of claim must conform substantially to Official Form 410. *See* Fed. R. Bankr. P. 3001(a). The proof of claim must also contain certain supporting information set forth in Rule 3001(c): (1) a claim based on a writing must attach a copy of that writing; (2) if the claim includes pre-petition interest, fees, expenses, or other charges, an itemized statement of those charges must be filed; (3) if a security interest is claimed in the Debtor's property, a statement of the amount necessary to cure any default must be filed; (4) if the security interest claimed is a lien on the debtor's principal residence, Official Form 410A must also be filed, which provides a record of payments and calculations of the total debt and arrearage as of the date of the petition, and if an escrow account has been established, an escrow account statement should also be filed; and (5) if a security interest is claimed, evidence that the security interest has been perfected. *See* Fed. R. Bankr. P. 3001(c) and (d); *see also In re Sherman*, 639 B.R. 618, 622 (Bankr. D.N.M. 2022) (summarizing requirements

7

of Fed. R. Bankr. P. 3001 for a proof of claim to be valid and constitute *prima facie* evidence of the validity and amount).

It is essential to the bankruptcy process that a creditor ensure that its proof of claim contains accurate information. "Accurate information is particularly critical in a chapter 13 case because the debtor, the trustee, and the Court need to know not only the amount of and legal basis for the creditor's claim, but how much money the debtor would have to pay to cure any arrearages and keep the escrow account funded enough to permit the creditor to pay casualty insurance and property taxes. An accurate claim is also important to assess the feasibility of a debtor's plan and other confirmation requirements." *In re Milliman*, C/A No. 17-10393, 2018 WL 1475937, at *3 (Bankr. D. Kan. Mar. 23, 2018).

## II.    *Evidentiary Burden*

Under the Federal Rules of Bankruptcy Procedure, the burden of establishing the validity and amount of a proof of claim shifts between the parties. *In re Brown*, 603 B.R. 786, 792 (Bankr. D.S.C. 2019). A review of a proof of claim's compliance with the requirements of Fed. R. Bankr. P. 3001 helps to establish the evidentiary effect of the proof of claim and determines who bears the burden at trial. If all of the requirements set forth in Fed. R. Bankr. P. 3001 are met, the proof of claim is *prima facie* evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f); *In re Harford Sands Inc.*, 372 F.3d at 640. If the requirements are not met, however, the proof of claim does not constitute *prima facie* evidence of the claim's validity and amount and the burden is on the claimant—in this case Nationstar—to establish the validity and amount of the claim. *See In re Travers*, 635 B.R. 273, 279 (Bankr. D.S.C. 2021) (*citing In re Devey*, 590 B.R. 706, 721 (Bankr. D.S.C. 2018)). In such circumstances, the objecting party must only file an objection raising a basis for disallowance under 11 U.S.C. § 502(b) to satisfy its burden, and the ultimate

8

burden rests with the claimant to establish the validity and amount of its claim by a preponderance of evidence. *In re Devey*, 590 B.R. at 721 ("If the proof of claim, as filed, does not qualify as *prima facie* evidence as to validity and amount, then the evidentiary burden of proof never shifts from the claimant to the objecting party. To challenge the allowance of the claim pursuant to § 502(b), the objecting party need only file an objection pursuant to the applicable rules.").

The Debtor asserts that Nationstar's proof of claim does not meet the requirements of Fed. R. Bankr. P. 3001(c)(2)(C) because it failed to accurately reflect the amount of prepetition arrearage due on its loan on Form 410A. In its Response, Nationstar concedes that the arrearage amount was not accurately stated by submitting a revised Form 410A with a revised payment history reflecting the missing Trustee disbursements and requesting that the Court allow it to amend its proof of claim to attach the corrected Form 410A.

At the outset, the Court notes that Nationstar attached to its proof of claim all the required forms and documents. The flaw in its proof of claim, however, was that Form 410A did not accurately reflect the disbursements previously received—at least $4,347.82 in payments remitted through the Trustee in the Debtor's previous bankruptcy case. Including all the documents and forms is not sufficient if the data included is not accurate. Said differently, "[s]imple as it seems, filing a proof of claim is a seminal act in bankruptcy that must be done right. Every time." *In re Milliman*, C/A No. 17-10393, 2018 WL 1475937, at *3. Accurately reporting information on a proof of claim is critical because a proof of claim executed and filed in accordance with Fed. R. Bankr. P. 3001 is given *prima facie* validity. Failure to do so results in the claim being subject to objection, losing its *prima facie* validity, and potentially exposing the creditor to sanctions.

At the hearing, Nationstar's representative, Mr. Hyne, agreed that the 2016-2018 Payments were not accounted for in the payment history attached to the original proof of claim or the

amended payment history submitted with Nationstar's Response. With regard to the 2019-2021 Payments, Mr. Hyne went through each of the disputed trustee payments and explained how they were accounted for in the payment history. Nationstar's application of the trustee payments was complicated and inconsistent. In some instances, the trustee payment was reflected on the payment history as a deposit in its full amount, thus making the credit easily recognizable as one of the trustee payments. In other instances, it appears that the trustee payment was combined with separate "Suspense Adjustments" on the same date to make a full monthly payment. Accordingly, to determine whether the amount credited for the trustee payment was accurate, one would have to subtract the separate "Suspense Adjustments" from the monthly payment amount, the balance of which represents the trustee payment. For example, in October of 2019, the Trustee made a payment of $268.05 to Nationstar. On October 7, 2019, the payment history reflects the following:

| Date | Funds Received | Description | Principal, interest & escrow past due balance |
|---|---|---|---|
| 10/7/2019 | $ (554.86) | SUSPENSE ADJUSTMENT | $16,789.00 |
| 10/7/2019 | $ (156.09) | SUSPENSE ADJUSTMENT | $16,789.00 |
| 10/7/2019 | 979.00 | PAYMENT | $15,790.00 |

While the crediting of the Trustee payment of $268.05 is not readily recognizable in the payment history, it is technically accounted for as part of the payment, as $979.00 - $554.86 - $156.09 = $268.05. Mr. Hyde explained that the Suspense Adjustments represented funds taken from the Suspense Account (Unapplied Funds), which is comprised of funds received from the Debtor or the Trustee that Nationstar temporarily holds until sufficient funds are received to make a full contractual payment. Mr. Hyne did not explain why two separate Suspense Adjustments were needed in this transaction or in the other similar transactions. He was unable to explain why

10

sometimes the system reflected the Trustee payments in recognizable credits and sometimes Trustee payments were embedded within a more complicated multi-part transaction. He said the determination was made by "the software" program used by Nationstar. He did acknowledge that there was an error regarding the February 8, 2021 trustee payment, where $67.00 was not correctly applied, and again on May 10, 2021, when the Debtor was mistakenly given credit for $44.23 due to a keystroke error, thus resulting in a net amount of $22.77 that was not correctly reflected.

Mr. Hynes' explanation of the application of the trustee payments to the Debtor's account was complicated. Based solely on his testimony, the Court makes no findings or conclusions at this time as to whether the payments were properly applied or whether the crediting method that Nationstar employed caused an increase in fees or charges. Nevertheless, after reviewing Mr. Hyde's explanations of the disputed 2019-2021 Payments together with the payment history, the Court finds that Nationstar met its burden to prove by a preponderance of the evidence that the payment history does account for each of the 2019-2021 Payments, except for the $22.77 that was not correctly applied. The 2016-2018 Payments were not accounted for in the payment history, and therefore the Form 410A does not accurately state the arrearage as of the date of the petition. Based on the record, it appears that the correct arrearage as of the date of the petition is $15,802.68.[14]

### III. Sanctions Under Federal Rule of Bankruptcy Procedure 3001(c)(2)(D)

Based on Nationstar's failure to attach a Form 410A that accurately stated the arrearage as of the date of the petition, the Debtor requests that the Court grant relief pursuant to Fed. R. Bankr.

---

[14] This amount was calculated by taking the total prepetition arrearage claimed on Nationstar's proof of claim ($20,173.27) and subtracting the $22.77 that Nationstar admits was not correctly applied in 2021, as well as $4,347.82, representing the 2016-2018 Payments that Nationstar also admits were not correctly applied.

11

P. 3001(c)(2)(D)(i)-(ii). This Rule provides that if a creditor fails to provide the information required by Rule 3001(c),

> the Court *may*, after notice and hearing, take *either or both* of the following actions:
>
> (i) Preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
> (ii) Award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

Fed. R. Bankr. P. 3001(c)(2)(D) (emphasis added). The imposition of sanctions under Rule 3001(c)(2)(D) is permissive and entirely within the Court's discretion. *See In re Isherwood*, C/A No. 18-10761, 2019 WL 885876, at *4 (Bankr. D. Md. Feb. 20, 2019); *In re Travers*, 635 B.R. at 280 (noting the discretionary nature of the Code section).

In the Objection and at the hearing, the Debtor requested that the Court preclude Nationstar from introducing any evidence. At the hearing, Nationstar sought the introduction of evidence of two documents: a copy of its proof of claim and the Trustee's Payment History to Nationstar in the Debtor's prior bankruptcy case. Both documents were also introduced in part or in their entirety by the Debtor and were allowed into evidence. As to the testimony of Mr. Hyne, the Court indicated Mr. Hyne would be allowed to testify given that his testimony would also aid the Court in determining, as required by Fed. R. Bankr. P. 3001(c)(2)(D)(i), whether the failure to provide the appropriate information in the proof of claim "was substantially justified or harmless," but noted that it would later decide the proper weight to give any such testimony.

The Court observes that this matter has been pending since June 9, 2022, and it appears that the Debtor was not provided with a complete explanation of the application of the disputed payments until the date of the hearing on this matter. It does not appear that Nationstar's failure to accurately reflect the 2016-2018 Payments in the payment history was substantially justified.

12

Moreover, Nationstar's failure to provide an accurate Form 410A caused harm to the Debtor because he was forced to file the Objection to its Claim, confirmation of his plan was delayed due to the Objection, and he incurred $2,940.00 in attorney's fees to resolve the matter. However, given the explanation provided regarding the accounting of the 2019-2021 Payments and the fact that the information regarding the crediting of such payments, while hard to decipher, was not "omitted information" but rather was included in Form 410A attached to the proof of claim, Nationstar met its burden to show they were credited; accordingly, the Court, in its discretion, will not further reduce the arrearage amount by the amount of the 2019-2021 Payments.[15]

The Court finds that, pursuant to Fed. R. Bankr. P. 3001(d)(2)(D)(ii), the Debtor should be awarded his reasonable attorney's fees incurred as a result of filing and prosecuting the Objection to Claim. Applying the lodestar method for determining reasonableness of attorney's fees as set forth in *In re Waters*, 634 B.R. 478 (Bankr. D.S.C. 2021) (citing *Weatherford v. Timmark (In re Weatherford)*, 413 B.R. 273 (Bankr. D.S.C. 2009)), as well as the factors set forth by the Fourth Circuit in *Barber v Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1986), the Court finds that the attorney's fees requested by the Debtor are reasonable.[16] Debtor's counsel spent a total of 8.4 hours preparing and prosecuting the Objection to Claim and charged an hourly rate of $350.00, which the Court finds is reasonable based upon its understanding of the billing rates of bankruptcy attorneys in Chapter 13 cases in this District as well as counsel's experience and reputation. The

---

[15] While the Debtor did not specifically seek this drastic remedy, the Court notes that it is unable to disallow Nationstar's claim in full based solely upon its failure to provide the information required under Fed. R. Bankr. P. 3001(c). *See In re McClain*, C/A No. 15-03419-HB, 2016 WL 6783248, at *3 (Bankr. D.S.C. Nov. 10, 2016) ("While a failure to comply with the requirements of 3001(c)(2) may undermine the goals of the Bankruptcy Code to promote efficient and economical administration of bankruptcy estates, the Rules Committee has made clear that disallowance of the proof of claim is not an available remedy under 3001."). Even with respect to the 2019-2021 Payments, the Debtor has not argued any grounds—aside from the discretionary sanctions of Fed. R. Bankr. P. 3001(c)(2)(D)—to disallow that portion under § 502(b).

[16] Notably, the Debtor introduced into evidence, without any objection, an invoice of the fees Debtor's counsel incurred between June 9, 2022 and August 17, 2022.

13

Court further finds that Debtor's counsel should be compensated for an additional 1.5 hours for attending the hearing on this matter. Accordingly, the Court finds that relief under Fed. R. Bankr. P. 3001(c)(2)(D)(ii) is appropriate.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Debtor's Amended Objection to Claim is sustained in part, and Nationstar's arrearage claim shall be reduced and allowed as secured in the amount of $15,802.68.

**IT IS FURTHER ORDERED** that Nationstar shall file a revised proof of claim reflecting the corrected amounts owed within fourteen (14) days of the entry of this Order with a corrected Mortgage Proof of Claim Attachment (Official Form 410A) with the corrected amounts.

**IT IS FURTHER ORDERED** that Nationstar shall pay Debtor's counsel's attorney's fees and costs in the amount of $3,465.00 directly to Steadman Law Firm, PO Box 60367, North Charleston, SC 29419, within fourteen (14) days of the entry of this Order.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**08/31/2022**



_Elisabetta G. M. Gasparini_
US Bankruptcy Judge
District of South Carolina

Entered: 08/31/2022